J-S35001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE S. BARKER | : | |
| | : | |
| Appellant | : | No. 189 MDA 2022 |

Appeal from the PCRA Order Entered December 30, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000983-2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 11, 2023**

Appellant, Shane S. Barker, appeals from the post-conviction court's December 30, 2021 order dismissing his first, timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, Appellant's court-appointed counsel, Fawn E. Kehler, Esq., has filed a petition to withdraw and accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1]  After review, we affirm the PCRA court's order and grant Attorney Kehler's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] When counsel seeks to withdraw on appeal from the denial of PCRA relief, counsel should file a ***Turner/Finley*** letter or brief, instead of an ***Anders*** brief. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

The PCRA court set forth the background of Appellant's offense, trial, and direct appeal, as follows:

**TRIAL AND DIRECT APPELLATE PROCEDURE**

Following a jury trial commencing on August 22, 2016, and concluding on August 26, 2016, [Appellant] was found guilty of … murder of the third degree.[1] [Appellant] was sentenced to a period of incarceration of not less than 18 years (216 months) nor more than 36 years (432 months). [Appellant] filed a timely post-sentence motion on November 18, 2016, and the Commonwealth filed a response on December 22, 2016. This Court denied the post-sentence motion on January 12, 2017. [Appellant] filed a timely notice of appeal on February 10, 2017. The Superior Court affirmed the judgment of sentence on November 22, 2017. [**Commonwealth v. Barker**, 181 A.3d 442 (Pa. Super. 2017) (unpublished memorandum)]. [Appellant] subsequently filed a Petition for Allowance of Appeal with the Supreme Court, and said [p]etition was denied on May 2, 2018. [**Commonwealth v. Barker**, 185 A.3d 275 (Pa. 2018)].

> [1] 18 Pa.C.S.[] § 2502. Appellant was also charged with first degree murder.

**FACTUAL BACKGROUND**

Testimony presented by the Commonwealth at trial established that[,] in the early morning hours of October 18, 2014, an incident occurred at a nightclub called Queenies[,] which led to a dispute between [Appellant] and Jerome Buckner (hereinafter[,] "victim"). The dispute carried out into the street, ultimately leading to [Appellant's] firing several shots toward the victim as he was running away. Some of the shots struck the victim, causing his death.[2] The testimony of multiple eyewitness[es], medical experts, and ballistic experts implicated [Appellant] as the shooter. Moreover, [Appellant] admitted in one of his police interviews that he had shot the victim and said that he was sorry for doing so.

---

[2] Witnesses at trial testified that they observed Appellant stomp on the victim's body after he was shot. N.T. Trial, 8/22/16-8/26/16, at 266-68, 317-18.

[Appellant], who testified on his own behalf at trial, offered his own version of events. He stated that he had left the nightclub and gone to his car alone when the victim came out of nowhere and struck him on the face several times, knocking him to the ground outside [of] his car. At some point while on the ground, [Appellant] claimed that he felt the victim pulling on his clothes. [Appellant] stated that he then retrieved his gun from under the driver's seat of his car and fired the gun at the victim. In essence, [Appellant] claimed that he was defending himself when he fired the shots.

PCRA Court Opinion ("PCO"), 12/30/21, at 1-2 (emphasis and capitalization in original; footnote omitted).

On March 29, 2019, Appellant filed a timely, *pro se* PCRA petition, his first. On April 2, 2019, the PCRA court appointed Attorney Kehler to represent him. Attorney Kehler filed an amended petition on Appellant's behalf on April 6, 2020. Therein, Appellant raised three claims: first, ineffective assistance of trial counsel for "failing to call a key eye-witness, Leonard Lemon, to develop testimony that [Appellant] was not the individual who killed the victim and that it was [Appellant's] nephew, Zindell Mckiver, aka 'Murda[,]' who was the shooter"; second, ineffective assistance of trial counsel for failing "to present the 911 caller as a witness at trial to disprove the Commonwealth's theory of the case"[3]; and third, newly-discovered evidence in that Appellant

_____

[3] For context, Appellant explained that:

At trial, the 911 call was entered into evidence by the Commonwealth over no objection by [Appellant's] trial counsel. The 911 caller identifies the shooter and stomper as a heavy set, black male, with [dreadlocks]. It was also testified to by Detective [Jarrett] Ferrari that the police had never spoken to nor interviewed the 911 caller, despite having her address and her

*(Footnote Continued Next Page)*

- 3 -

"received notification from his family members that the witness, Zindell Mckiver, aka 'Murda[,]' … has bragged to several individuals (newly[-]discovered [W]itness #1 and [W]itness #2) that he was the shooter and the one who killed the victim." Amended Petition at ¶¶ 10, 14.[4]

The Commonwealth filed an answer to Appellant's amended petition on April 27, 2020. Upon consideration of Appellant's amended petition and the Commonwealth's answer thereto, the PCRA court held a PCRA hearing on April 20, 2021. There, Appellant, and his trial attorneys — Elizabeth Ruby, Esq. and Jessica Bush, Esq. — testified. Due to witness availability, the hearing was ultimately continued until September 22, 2021. At the September 22, 2021 hearing, Mr. Lemon testified. None of the witnesses or family members in connection with Appellant's third, newly-discovered evidence claim testified at the PCRA hearings, rendering that claim abandoned. *See* PCO at 6.

---

telephone number. Had the 911 caller been interviewed and testified at trial[,] she could have provided additional information regarding her statement that the shooter had [dreadlocks] (which eliminates [Appellant] as the shooter and stomper) and confirmed, in person, by looking at [Appellant] at trial, that [Appellant] was not the individual that she observed shoot the victim that early morning.

Amended Petition, 4/6/20, at ¶ 12 (original brackets omitted).

[4] With respect to the third, newly-discovered evidence claim, Appellant elaborated in his petition that Witness #1 was murdered, and that he was having difficulty obtaining the name of and speaking to Witness #2, as Witness #2 was also incarcerated. Amended Petition at ¶¶ 16, 17. Appellant also represented that his family members that received the newly-discovered information do not wish to get involved and are fearful of their safety. *Id.* at ¶ 17.

- 4 -

On December 30, 2021, the PCRA court filed a memorandum opinion and order, in which it dismissed Appellant's petition. Thereafter, Appellant filed a timely notice of appeal. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Kehler subsequently filed a timely statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). Because of the filing of a Rule 1925(c)(4) statement, the PCRA court elected not to file a Rule 1925(a) opinion.

On July 27, 2022, Attorney Kehler filed a petition to withdraw and an **Anders** brief with this Court. **See** footnote 1, **supra** (explaining that counsel should have filed a **Turner/Finley** letter or brief, but that this Court may accept an **Anders** brief instead). In the **Anders** brief, Attorney Kehler lists the following two issues that Appellant seeks to have reviewed:

> 1. Whether trial counsel was ineffective when they failed to call eye-witness Leonard Lemon as a witness at trial when his testimony would have established that Appellant was not the shooter and that two other individuals shot and killed the victim?

> 2. Whether trial counsel was ineffective when they failed to present the 911 caller as a witness at trial?

**Anders** Brief at 7 (unnecessary emphasis and capitalization omitted).

We begin our review by determining whether Attorney Kehler has satisfied the prerequisites of withdrawal.

> Counsel petitioning to withdraw from PCRA representation must proceed … under … **Turner**, and … **Finley**, and … must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed,

- 5 -

explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> ***

> Where counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citations omitted).

Attorney Kehler has substantially complied with these requirements. Though not mentioned in the **Anders** brief, Attorney Kehler represents in her petition to withdraw that she thoroughly reviewed the record, as well as all applicable law. **See** Petition to Withdraw, 7/27/22, at ¶ 6. In addition, in the **Anders** brief, Attorney Kehler lists the issues which Appellant wants to have reviewed, and explains why and how those issues lack merit. She also requested permission to withdraw via her petition filed with this Court. Moreover, Attorney Kehler has attached a letter written to Appellant as an exhibit to the **Anders** brief, in which she informs him that he may proceed *pro se* or by new counsel.[5] The certificates of service on both the petition to withdraw and the **Anders** brief show that Appellant was served with them via

---

[5] This exhibit does not appear in the paper copy of the **Anders** brief filed with this Court. However, it is included in the electronically-filed **Anders** brief.

first class mail.[6, 7]   Thus, we will now conduct an independent review of

Appellant's claims.

At the outset of our review, we recognize that:

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error.  We pay great deference to the findings of the PCRA court, but its legal determinations are subject to our plenary review.

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013) (*en banc*)

(cleaned up).   Further, where the petitioner asserts that he received the

ineffective assistance of counsel, this Court has explained:

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error.  With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.  To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction.

In reviewing this determination, we are cognizant that

when raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance

---

[6] ***See also*** Petition to Withdraw at ¶ 7 (Attorney Kehler's representing that, "[o]n July 27, 2022, a letter to Appellant outlining his rights, the Motion to Withdraw as Counsel, and a copy of the ***Anders*** brief were forwarded by undersigned counsel to [Appellant], via first class mail").

[7] As of the date of this writing, Appellant has not filed a response.

and prejudice requirements of the ***Strickland v. Washington***, 466 U.S. 668 … (1984) test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial….

To demonstrate ***Strickland*** prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Matias***, 63 A.3d at 810-11 (cleaned up).

In the first issue, Appellant advances that his trial attorneys were ineffective when they failed to call eyewitness Leonard Lemon as a witness at trial, when his testimony would have established that Appellant was not the shooter and that two other individuals shot and killed the victim. ***Anders*** Brief at 7. Here, in disposing of this issue, the PCRA court aptly explained:

At the PCRA hearing held on September 22, 2021, [Mr.] Lemon testified that he was in his vehicle in the vicinity of the nightclub when he saw two individuals other than [Appellant] "run up on" the victim and shoot the victim. He said that he knew these individuals were not [Appellant] because they did not match the physical characteristics of [Appellant]. [Mr.] Lemon further testified that [Appellant] was not in the vicinity of the area when this happened.

Considering [Mr.] Lemon's testimony at the PCRA hearing, we find that trial counsel had a completely reasonable basis for refraining from calling [Mr.] Lemon to testify at the trial. At trial, the Commonwealth presented the testimony of multiple witnesses tending to establish that [Appellant] shot at the victim on the night in question. Moreover, [Appellant] admitted in one of his police interviews that he had shot the victim and said that he was sorry

for doing so. Given the overwhelming evidence establishing that [Appellant] was the shooter, [Appellant], in testifying on his own behalf, admitted that he shot at the victim, but he claimed that he was doing so to protect himself. However, [Mr.] Lemon testified at the PCRA hearing that [Appellant] was not involved in the shooting and was not even in the vicinity at the time the shooting occurred. If such testimony had been presented at trial, it would have completely undermined and discredited [Appellant's] self-defense theory and would have been directly contradictory to virtually all the other evidence presented in the case. Moreover, [Mr.] Lemon had a *crimen falsi* conviction within 10 years of the trial date, and this could have been used to impeach [Mr.] Lemon as a witness. In sum, [Appellant] cannot establish that calling [Mr.] Lemon as a witness offered a potential for success substantially greater than the course pursued, and, therefore, trial counsel did not render ineffective assistance by failing to call [Mr.] Lemon. Moreover, considering the overwhelming evidence of guilt established by the remaining evidence presented at trial, including [Appellant's] own testimony, [Appellant] cannot establish that he was prejudiced by counsel's decision not to call [Mr.] Lemon as a defense witness.

PCO at 4-5 (internal citations omitted).

Based on our independent review of the record, we agree with the PCRA court's analysis that this issue lacks merit. Appellant cannot establish ineffective assistance of counsel for failing to call Mr. Lemon as a witness at trial, given the overwhelming evidence that Appellant was in fact the shooter. No relief is due on this basis.

In the second issue, Appellant claims that his trial attorneys were ineffective when they failed to present the 911 caller as a witness at trial. *Anders* Brief at 7. As mentioned *supra*, Appellant averred below that:

At trial, the 911 call was entered into evidence by the Commonwealth over no objection by [Appellant's] trial counsel. The 911 caller identifies the shooter and stomper as a heavy set, black male, with [dreadlocks]. It was also testified to by Detective Ferrari that the police had never spoken to nor interviewed the

911 caller, despite having her address and her telephone number. Had the 911 caller been interviewed and testified at trial[,] she could have provided additional information regarding her statement that the shooter had [dreadlocks] (which eliminates [Appellant] as the shooter and stomper) and confirmed, in person, by looking at [Appellant] at trial, that [Appellant] was not the individual that she observed shoot the victim that early morning.

Amended Petition at ¶ 12 (original brackets omitted).

With respect to this claim, the PCRA court observed that the fact that the 911 caller's description of the shooter did not exactly match Appellant's physical characteristics **was** elicited at trial. PCO at 5; **see also** N.T. Trial at 249-50, 255, 381-82, 632-634. As such, the PCRA court opined that "it is difficult to fathom how the 911 caller's testimony could have provided information that was more beneficial to [Appellant] than the information that was already presented at trial." PCO at 5. It also observed that Appellant "claims that the person who called 911 to report the incident would have identified the shooter as someone other than [Appellant], but he provides no information to suggest how the caller could have made that identification or provided any information that was not already elicited at trial." **Id.** Thus, the PCRA court concluded that Appellant "cannot establish that trial counsel did not have a reasonable basis for refraining from presenting the 911 caller's testimony, and he cannot establish that he was prejudiced by this alleged nonaction." **Id.**

Once again, we agree with the PCRA court's analysis. Further, we observe that, at the PCRA hearing, Appellant's trial counsel testified that they interviewed the 911 caller and determined that her testimony at trial would

not benefit Appellant.  Specifically, at the interview, trial counsel said that the 911 caller identified the person standing over the victim and stomping his body as a person with dreadlocks, but identified Appellant as the actual shooter.  N.T. Hearing, 4/20/21, at 29-34, 42-44.  In addition, we reiterate that Appellant argued self-defense at trial, which would make any hypothetical testimony from the 911 caller pointing to someone else as the shooter confusing and unproductive to his defense.  Accordingly, Appellant has not established that trial counsel was ineffective for failing to present the 911 caller as a witness at trial.  This issue is meritless as well.

In conclusion, based on the foregoing, we affirm the PCRA court's order dismissing Appellant's petition.  Because his claims are meritless, we also grant Attorney Kehler's petition to withdraw.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2023

- 11 -